[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON PLAINTIFF'S MOTION FOR CONTEMPT (No. 118) AND DEFENDANT'S MOTION TO MODIFY (No. 113)
This case comes before this court on a motion to modify and a motion for contempt. The motion for contempt is 118.00 and filed by the wife, and the motion to modify is 113.00 filed by the defendant ex-husband.
This case was decided by Memorandum of Decision dated January 4, 1990 by Judge Bassick. He heard the case in 1989 and made his orders accordingly. The husband was to pay to the wife the unallocated sum of $4,500.00 as set forth in paragraph 5 of the judgment until the youngest child reaches the age of 18 years.
It was contemplated at the time of the hearing that the husband would earn for 1989 approximately $140,000.00 as net earnings. In fact, the husband's testimony at these modification hearings indicated he made the $140,000.00 contemplated at the trial before Judge Bassick. His tax return for 1990 was marked as defendant's exhibit 6. It shows on Schedule C that his net profit on line 29 would be $108,612.00. Note that when Judge Bassick referred to net earnings in his CT Page 9756 decision he referred to lines 29, 30 or 31 of the respective tax returns which were the net profit lines. This court has had an opportunity to review those tax returns and has determined that that is where the net income figures came from.
The husband's affidavit at the time of the dissolution of marriage showed gross monthly income of $11,600.00 or $139,200.00 which is consistent with the amount found by the court. Based on that, Judge Bassick ordered $4,500.00 per month as unallocated alimony and support. The husband is presently making $74,308.00 annually, which is $1,429.25 per week which is the amount shown on his current affidavit.
Since the order was entered between October 1, 1987 and July 1, 1990, modification may be made upon a showing of a substantial change of circumstances whether or not such substantial change of circumstances was contemplated at the time of the prior order. It appears clear in this case that the husband's income is substantially down. The wife's income is up because of her relocation and the rental of the Easton, Connecticut property. The husband has liquidated capital assets in order to meet his court ordered obligation.
Both sides have submitted computations based on the child support guidelines. This court finds that, since it was previously entered as an unallocated order, the interests of justice are best served by continuing the unallocated order. Therefore, since it is unallocated, the court is not capable of telling which part is child support. The court finds that there is reason to deviate from the child support guidelines in that it would be inequitable or inappropriate in this case.
Public Act 90-188 prohibits retroactive modification, but permits modification for any period "during which there is pending a motion for modification of an alimony or support order from the date of service of notice of such pending motion upon the opposing party pursuant to 52-50."
Note that the motion to modify decree was not served pursuant to 52-50. The parties have, however, agreed that the motion was retroactive to August 22, 1991.
The court has considered all of the criteria set forth under Connecticut General Statutes 46b-86 and other relevant statutory criteria. The court has listened to the witnesses, reviewed the exhibits and reviewed the financial affidavits of the parties as well as listening to the arguments of counsel. The court finds the following:
1. The motion to modify decree, 113.00, is granted so that the CT Page 9757 order is modified to reduce the monthly payment to $2,385.00 per month of unallocated alimony and child support. In all other respects, the order of Judge Bassick is to remain in full force and effect.
2. The motion for contempt, 118.00, filed by the plaintiff is denied except that the arrearage by agreement is found to be $11,250.00 as of the date of the hearing, October 4, 1991, with credit given to the retroactive effect the modification would have on said arrearage. If the parties are unable to agree on said arrearage, it is referred to the Family Relations office for mediation and then to the court if necessary for determination.
3. The husband shall pay on the arrearage $500.00 per month commencing December 1, 1991.
EDWARD R. KARAZIN, JR., JUDGE